IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARCY ELLEN BECKETT, )
)
    Plaintiff, )
)
v. ) Case No. CIV-17-514-STE
)
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), seeking an award in the amount of $14,339.63. (ECF No. 38). The Commissioner has responded to the § 406(b) motion. The Commissioner takes no position on this request, but rather he defers to the Court's sound discretion as to the reasonableness of the requested fee award. *See* ECF No. 39.

### I. PROCEDURAL BACKGROUND

Plaintiff Marcy Ellen Beckett retained Troutman and Troutman, PC., to appeal the SSA denial of her application for disability insurance benefits. (ECF No. 38-1). The contract between Ms. Beckett and Troutman and Troutman, PC., provided for payment of an attorney fee contingent upon Ms. Beckett prevailing before the federal court and ultimately being awarded benefits by the SSA. Under the contract, Ms. Beckett agreed to an attorney fee in the amount of twenty-five percent (25%) of any past-due benefits awarded. *See id*.

Plaintiff prevailed in federal court. In an Order and Judgment dated April 24, 2018, the Court reversed the decision of the SSA and remanded the case for further administrative findings. (ECF Nos. 30 & 31). On remand, Plaintiff was awarded past-due benefits from which the SSA withheld $14,339.63, representing twenty-five percent (25%) of the total past due benefit. (ECF No. 38-2:3). Pursuant to 42 U.S.C. § 406(b), and citing the contractual agreement between the parties and *Gisbrecht v. Barnhart*, Plaintiff requests a fee award in the amount of $14,339.63. (ECF No. 38).

## II.  FEES FOR REPRESENTATION

Congress has prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims. *See* 42 U.S.C. § 406. Section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart,* 535 U.S. 789, 794 (2002). Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S.

at 789. For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.* If attorney fees are also awarded under EAJA, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575 (10th Cir. 1986).

## III. AWARD OF § 406(b) FEES

Troutman and Troutman, PC. has requested § 406(b) fees in the amount of $14,339.63 and has attached a detailed billing summary reflecting a total of 37.50 hours (4.2 paralegal/intern hours and 33.3 attorney hours) with a total hourly fee of $7.064.10. *See* ECF No. 38-4. Even though the amount requested is more than the hourly fee reflected in the invoice, the amount requested does not exceed twenty-five percent (25%) which would equal $14,339.63 of the total awarded past-due benefits, and is, therefore, in line with both the contractual agreement and § 406(b). The Court has reviewed the file and finds this amount to be reasonable.

## IV. PLAINTIFF'S AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA)

On August 21, 2018, Plaintiff was awarded EAJA attorney fees in the amount of $7,064.10 as the prevailing party. *See* ECF No. 34. Plaintiff's attorney therefore must refund the lesser of the two fees to Plaintiff. *See Weakley v. Bowen*, 803 F.3d 575, 580 (10th Cir. 1986).

## ORDER

The Court **GRANTS** Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), **(ECF No. 38).** Plaintiff's attorneys, Troutman and Troutman, are awarded attorney's fees

in the amount of **$14,339.63**, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. § 406(b)(1)(A). Plaintiff's attorney shall refund the attorney fees awarded under the EAJA (ECF No. 34). *See Weakley v. Bowen*, 803 F.3d 575, 580 (10th Cir. 1986).

The SSA shall pay this amount directly to Troutman & Troutman, P.C., 1350 S. Boulder, Suite 410, Tulsa, OK 74119.

ENTERED on October 29, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE